**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CHERRIE J. WHITE,**              )
                                    )
        **Plaintiff,**            )
                                    )
**v.**                              )     Case No. 08-1002-JTM
                                    )
**CESSNA AIRCRAFT COMPANY,**        )
                                    )
        **Defendant.**           )
                                    )

## MEMORANDUM AND ORDER

Plaintiff moves for the appointment of counsel (Doc. 12). In determining whether to grant plaintiff's request, the court is guided by <u>Castner v. Colorado Springs Cablevision</u>, 979 F.2d 1417 (10th Cir. 1992). The Tenth Circuit has identified four factors which are relevant to the district court's discretionary decision whether to appoint counsel: (1) plaintiff's financial inability to pay for counsel; (2) plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination and (4) plaintiff's capacity to present the case without counsel. For purposes of the present order, the court will accept the veracity of plaintiff's affidavit of poverty. The court also will accept plaintiff's statement that five law firms have declined to take her case. The court presently does not have sufficient information to fully evaluate factors 3 and 4.

The court provisionally appoints Terry Mann of the law firm, Martin, Pringle, Oliver, Wallace & Bauer, Wichita, Kansas, to represent plaintiff. Ms. Mann's initial responsibility

will be to confer with plaintiff and make such investigation as may be necessary to determine whether she will recommend to the court that she be permanently appointed to represent plaintiff. If, upon completion of her initial investigation, Ms. Mann does not wish to accept permanent appointment, she shall notify the court and, to the extent consistent with professional responsibility, report her reasons in order to assist the court in making its determination under factors 3 and 4 of the Castner test.[1]

The clerk is directed to send a copy of this order to Ms. Mann and plaintiff. The plaintiff shall contact Ms. Mann at her office, phone number 316-265-9311, immediately upon receipt of this order.

It is further ordered that plaintiff's deadline for responding to defendant's motion to dismiss **(Doc. 9)** is extended to **March 25, 2008** to allow plaintiff an opportunity to consult with counsel.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 5th day of March 2008.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[1] Under certain circumstances appointed counsel may be reimbursed for reasonable out-of-pocket expenses which the client is unable to pay. See D. Kan. Rule 83.5.3(e)(2) (permissible disbursement from bar registry fund). The procedure for seeking reimbursement has recently been amended and counsel should review D. Kan. Rule 83.5.3(f) if a request for reimbursement of out-of-pocket expenses is contemplated.