IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHERRIE J. WHITE,

    Plaintiff,

vs.                              Case No. 08-1002-JTM

CESSNA AIRCRAFT COMPANY,

    Defendant.

MEMORANDUM AND ORDER

This is an action by pro se plaintiff Cherrie J. White against her employer Cessna Aircraft Company. The matter is before the court on the defendant's motion seeking dismissal of White's claims.

In support of its Motion to Dismiss,[1] Cessna argues that White failed to exhaust administrative remedies, is seeking relief for claims which are barred by the 300 day limitations period applied to such claims, and that the complaint fails to state claims as a matter of law. Faced with a motion to dismiss, the court must determine whether there are "enough facts to state a claim

---

[1] In addition to the Motion to Dismiss filed on April 17, 2008 (Dkt. No. 17), Cessna had earlier filed a separate Motion to Dismiss on February 5, 2008 (Dkt. No. 9), focusing on the timeliness of the filing of the Complaint, which it acknowledges (Dkt. No. 16) was rendered moot by White's affidavit as to when she received the Notice of Suit Rights, while reserving the right to raise the issue at a later date.

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The following facts are all taken from the allegations of the Complaint, or the Chronology which White has affixed to it.

White, a 53-year-old black female, began to work at Cessna on March 10, 1997. She injured her back at work in 1998, and returned to work with medical restrictions. Her supervisor gave her an assignment doing small parts assembly, but her back continued to "spasm." White was then sent to work in the "tool crib," where she worked for one year. In 2004, White was told that she had arthritis in her back that was going to become progressively worse, and that the pain in her back was not related to her work accident.

White admits Cessna accommodated her back injury, but claims Cessna did not accommodate her alleged carpal tunnel.

In August 2006, White was told she could not take any more classes. She went to Cessna's Medical Department in October 2006. White was told she needed to see a doctor and not to return until she did. She was told she could not see a worker's compensation doctor. White thereafter saw her personal doctor, who recommended that she not return to work for ten days.

White called Kansas Worker's Compensation, which told her that Cessna needed to send her to a doctor, and gave her a form to sign. When White returned to Cessna's Medical Department with her written claim for worker's compensation, she was told she needed to see Cessna's doctor. Cessna's doctor recommended that White return to work, and White's supervisor, Gary Ast, told White to report for work the following Monday.

Shortly after White returned to work, Ast told her she could no longer work at Cessna with her restrictions. She was transferred back to the "tool crib" and missed work for back pain.

On October 25, 2006, White was disciplined for misusing company time. Cessna informed White she was taking extended breaks, leaving for lunch early, and taking too much time traveling between work sites. White admits she stopped at a restroom on her way back from break and that she left early for lunch in order to wash up, but claims the work site is several miles away.

That same day, White met with Cessna representative Rog Rogers, who did not believe that Cessna's doctor signed White's request for a parking sticker, but gave White a sticker anyway. Rogers allegedly told White she had no power at Cessna, she didn't know what she was doing, she needed to be punctual, and it didn't matter that White had worked at Cessna for three years with the same restrictions. White was given three days of leave without pay.

In November, White again met with Rogers and another Cessna employee to discuss White's improper calling in. White was told she needed to call her supervisor and Medical, and regardless of whether she came in to work, she needed to see Medical and "things will be different now." (Complaint, "Chronology," at 3).

One month later, Cessna wrote White up for attendance.

At the end of December 2006, White received the lowest review she had received up to that time. She was told her review was so low because of the time she spent working in the tool crib.

In February 2007, White received an email telling her that she only used her back as an excuse and that her time off would not be covered. One week later, White was again reviewed and received a higher rating. That same day Rogers told White she needed to go to Human Resources because Cessna was not going to work with White's medical restrictions.

On September 5, 2007, Cessna wrote White up for calling in. On September 11, 2007, White was given a medical leave of absence with new restrictions.

On May 18, 2007, White filed a charge with the EEOC alleging discrimination in violation of the ADA and Title VII based on her race and alleged disabilities. The charge did not include claims of gender discrimination, age discrimination, or retaliation. It alleged discrimination only for conduct occurring between October 2006 and May 18, 2007.

The present lawsuit alleges Cessna violated Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634(b), and the Americans with Disabilities Act (ADA), 42 U.S.C. § 1211 *et seq.*, by failing to accommodate White's carpal tunnel syndrome and by unlawfully discriminating against White based upon her age, sex, disability, and race. White also claims she was retaliated against in violation of these statutes.

As noted earlier, Cessna first argues that the court should dismiss White's gender and age claims, which were not mentioned in her EEOC charge, as well as for claims for alleged conduct falling outside the scope of the chronological period addressed by the charge, that is, for conduct occurring before October, 2006, and for conduct occurring after May 18, 2007. White's response does not address the issue. For good cause shown, the court will dismiss those portions of the plaintiff's complaint for failure to exhaust administrative remedies. *Jones v. United Parcel Service*, 502 F.3d 1176, 1183 (10th Cir. 2007)

Next, Cessna has requested dismissal of White's claims to the extent that she seeks recovery for events occurring more than 300 days before the filing of her EEOC charge, which largely centers on a claim of a failure to promote. Federal anti-discrimination laws such as Title VII and the ADA require a timely complaint within 300 days of an illegal action. *Haynes v. Level 3 Communications*, 456 F.3d 1215, 1222 (10th Cir. 2006). In her response, White merely reiterates certain events (a

4

calendar incident from 2005, the hiring of another worker in March of 2006), but makes no attempt to respond to the argument that such claims are time-barred by the plaintiff's failure to bring a timely EEOC charge relating to those incidents. Accordingly, the court will dismiss White's claims arising prior to July 22, 2006 (300 days prior to the filing of the EEOC charge).

In addition to its exhaustion and limitations argument, Cessna also contends that the individual elements of White's claims fail to state any adequate ground for relief. Thus, it seeks dismissal of White's ADA claim on the ground that the Complaint fails to allege that either her carpal tunnel or her back condition affects a major life activity, or that Cessna knew about it. *See Nowlin v. K Mart Corp.*, 50 F. Supp. 2d 1064, 1070-71 (D. Kan. 1999), *aff'd* 232 F.3d 902 (10th Cir. 2000) (mere diagnosis of carpal tunnel impairment insufficient to demonstrate disability under ADA). A "major life activity" is a "basic activity that the average person in the general population can perform with little or no difficulty," and includes walking, standing, sitting, lifting and working. *Doyal v. Okla. Heart, Inc.*, 213 F.3d 492, 495-96 (10th Cir.2000) (quotation marks and citation omitted). Impairment of a major life activity means a person is "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1)(2).

Dismissal is appropriate to the extent that White advances claims premised on her back pain in general, or her carpal tunnel condition. White's response to the Motion to Dismiss fails to allege any quantifiable restriction on a major life activity arising from either of these conditions. A plaintiff alleging disability based on an injury such as carpal tunnel syndrome, where the level of injury varies from person to person, must make some showing of the specific level of impact on her as an

5

individual. *See Toyota Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184, 199 (2002). Because White makes no attempt to make such a showing, dismissal is appropriate.

However, in her response, White cites general restrictions and conclusions that from October 2006 to May 2007 she was "unstable" and suffered from "great pain." (Resp. at 2-6). She cites restrictions that she cannot carry more than 15 pounds or walk for more than 500 feet. "Lifting," is considered a major life activity. *Lowe v. Angelo's Italian Foods*, 87 F.3d 1170, 1173 (10th Cir.1996). So is walking. *Pearson v. City of Manhattan*, 33 F.Supp.2d 1306, 1312 (D.Kan.1999)

Cessna contends that these restrictions are insufficient to show any major life activity is impaired. However, the cases cited by Cessna (Dkt. No. 23, at 5) all involved putative disabilities arising from an inability to perform greater levels of exertion than those asserted here. *See Lemm v. Omni Engineering*, No. 8:06CV254, 2007 U.S. Dist. LEXIS 19438, *8-10 (D. Neb. Mar. 19, 2007), aff'd 2008 US App. LEXIS 753 (8th Cir. Jan. 14, 2008) (plaintiff not disabled when he "walked up to 1000 feet each shift and climbed twelve to fourteen stairs"); *McCoy v. USF Dugan*, 42 Fed. Appx. 295, 297-98 (10th Cir. 2002) (20 pound lifting restriction is not "substantially limiting").

In contrast, in *Lowe* the court held that a 15 pound lifting restriction could demonstrate an impairment to the major life activity of lifting. *Lowe*, 87 F.3d at 1174. Similarly, other decisions have found an impairment where the plaintiff was restricting from walking short distances. *Ross v. Alegent Health*, 380 F.Supp.2d 1029 (S.D. Iowa, 2005), (plaintiff's contention that she could walk only "one or two blocks" precluded summary judgment); *Littlefield v. York County*, No. 99-277-P-C, 2000 WL 760959, at *5 (D. Me. 2000) (plaintiff unable to walk more than 100-200 feet).

However, even assuming that White had shown she was disabled in the major life activities of lifting and walking, she makes no showing as to how such disabilities in fact caused Cessna to subject her to unequal terms or conditions of employment, deny her promotion, or terminate her because of a disability. As noted earlier, the failure-to-promote claim is untimely. The remaining claims advanced by White are wholly conclusory, and dismissal is appropriate.

White's Title VII claim will also be dismissed. She has failed to demonstrate the existence of any adverse employment actions under circumstances in which discrimination on the basis of race might be inferred. *See Ammon v. Baron Automotive Group*, 270 F. Supp. 2d 1293, 1310 (D. Kan. 2003). To the contrary, White has failed to advance any allegation linking her various complaints, such as the disputes over her medical restrictions, to racial discrimination.

Finally, the court finds that dismissal is appropriate for White's claim of retaliation. A plaintiff claiming retaliation must show a causal connection between an act of protected activity and the subsequent adverse employment action. *See Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1224-25 (10th Cir. 2008) (Title VII); *Jones v. United Parcel Service*, 502 F.3d 1176, 1189 (10th Cir. 2007) (ADA); *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1275 (10th Cir. 2005) (ADEA). Here, plaintiff has pointed to nothing supporting such an inference other than the alleged temporal proximity between filing the EEOC charge and the subsequent limitation on her medical leave of absence. But over three months separate these two events, and such a period generally is considered of sufficient length to dissipate any inference of retaliation. *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (no inference from three month period by itself). In the absence of any other fact allegation linking the protected activity and the alleged retaliation, dismissal is appropriate.

IT IS ACCORDINGLY ORDERED this 22nd day of July, 2008, that the defendant's first Motion to Dismiss (Dkt. No. 9) is denied; its second Motion to Dismiss (Dkt. No. 17) is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
